# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60450
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2015

Lyle W. Cayce
Clerk

BALVINDER SINGH, also known as Balwinder Singh,

Petitioner,

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 296 877

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Balvinder Singh, a native and citizen of India, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60450

Singh contends that the BIA erred in affirming the IJ's adverse credibility determination.   He maintains that the adverse credibility determination was premised on "a few minor inconsistencies" which "were irrelevant to the primary issues of the case."  Singh attributes these minor inconsistencies to misunderstandings and "splitting of hairs" by the IJ and memory deficiencies due to the attack on March 23, 2011.  He further asserts that the IJ erroneously determined that he provided inconsistent statements about the political and religious conditions in India, asserting that the August 2012 Law Library of Congress Report relied upon by the IJ only evidences a mere improvement, not the elimination of, "persecution or torture of Sikhs by the Congress Party."  Singh's opening brief did not include an argument in support of the denial of his application for protection under the CAT.  Thus, Singh is deemed to have abandoned this claim.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Yohey v. Collins*, 985 F.2d 222, 226 (5th Cir. 1993).

An adverse credibility finding may be supported by "*any* inconsistency or omission . . . as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted).  This court will defer to a credibility determination "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* at 538 (internal quotation marks and citation omitted).

Singh fails to demonstrate that the record as a whole compels a conclusion that he was credible. *See id.*  Therefore, we will not disturb the adverse credibility determinations of the BIA and IJ. *See id.*  In light of her credibility determination, the IJ concluded that Singh failed to establish that he has suffered past persecution or has a well-founded fear of persecution

should he return to India.  The BIA found that the adverse credibility finding, which it upheld, was sufficient to deny Singh's asylum and withholding claims because Singh failed to produce corroborating evidence.  In the absence of credible testimony or other corroborating evidence from Singh, and in light of evidence in the record about the improvement of the situation between Sikhs and the Congress Party in India, Singh has not shown that the evidence compels a contrary finding.  *See Chun v. I.N.S.*, 40 F.3d 76, 78 (5th Cir. 1994) ("Under substantial evidence review, we may not reverse the BIA's factual determinations unless we find not only that the evidence supports a contrary conclusion, but that the evidence compels it."); *id.* at 79 ("Without credible evidence, the BIA had no basis upon which to grant asylum or withhold deportation.").

Singh also challenges the IJ's evidentiary rulings regarding the admission of the Government's I-213 Record of Deportable/Inadmissible Alien form and the exclusion of several documents he attempted to enter into evidence in support of his request for relief from removal.  Because Singh failed to properly exhaust these issues, we lack jurisdiction to consider them in the instant petition.  *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

Accordingly, Singh's the petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.